IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Thomas Chidester,

           Plaintiff,

v.

Amcol Systems, Inc.,

           Defendant.

Civil Action No.: 2:14-cv-13061

**DEMAND FOR JURY TRIAL**

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Thomas Chidester, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Thomas Chidester ("Plaintiff"), is an adult individual residing in Saint Clair Shores, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C.A. § 153(39).

4. Defendant Amcol Systems, Inc. ("Amcol"), is a South Carolina business entity with an address of 111 Lancewood Road, Columbia, South Carolina 29210, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C.A. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

5. The Plaintiff allegedly incurred a medical bill (the "Debt") to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to Amcol for collection, or Amcol was employed by the Creditor to collect the Debt.

8. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Amcol Engages in Harassment and Abusive Tactics

9. Within the last year, Amcol contacted Plaintiff in an attempt to collect the Debt.

10. Amcol placed such calls to the Plaintiff's cellular phone, number 586-xxx-3504.

11. Amcol placed the calls from the telephone number 803-217-3811.

12. During all times mentioned herein, Amcol called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message.

13. On several occasions when Plaintiff answered the phone, he heard a prerecorded message directing Plaintiff to hold for the next available representative.

14. Other times upon answering Amcol's calls, Plaintiff was met with a period of silence followed by an automated click at which point the call would disconnect.

15. Plaintiff does not know how Amcol acquired his cellular phone number as Plaintiff did not provide it to Amcol.

16. Further, Plaintiff did not provide prior express consent to Amcol to place calls to his cellular phone number.

17. On one occasion when speaking to Amcol's representative, , Plaintiff informed Amcol that he was not aware of the Debt and requested a collection letter sent to him via U.S. mail.

18. Plaintiff further advised Amcol that the calls were invasive and inconvenient and requested that all such calls to him cease.

19. Nevertheless, Amcol continued to place automated calls to the Plaintiff.

20. Moreover, Amcol failed to send Plaintiff a letter following its initial communication with him.

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

22. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

31. Plaintiff never provided his cellular telephone to Defendant and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendant to stop all calls to him.

32. Plaintiff never provided his cellular telephone to the Creditor and never gave consent to the Creditor to contact him on his cellular telephone number.

33. In the event Defendant at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demands to cease calls to his cellular telephone.

34. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

36. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

37. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 7, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Thomas Chidester
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com